SILBIE LATHAM V. STATE

No. 29,374. December 18, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 12, 1958.

*L. D. Hartwell,* Greenville, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

Highway Patrolmen Thompson and Caffee testified that, on the night in question shortly after midnight, they observed an automobile being driven on both sides of the Farm to Market road and brought it to a halt. They stated that the appellant, who was the driver, told them that he had been to a Christmas party and "guessed he had been drunk" and urged them to take him home but that when they refused he cursed and struck one of the officers, was finally subdued and placed in jail. They testified that they smelled intoxicants about his person and, from his manner of driving, his speech and actions, they formed the opinion that he was intoxicated, as was his woman companion.

The appellant and his wife testified that they had been at home on the night in question and had had nothing to drink, that a woman had come to visit them who was very intoxicated, and that the appellant was taking her home at the time he was arrested. Appellant denied that he had assaulted the officer and stated that the woman spilled whiskey on him in the automobile. Appellant also called a number of witnesses as to his good reputation.

The jury resolved the conflict in the evidence against the appellant, and we find the evidence sufficient to support the conviction.

In his brief, the appellant contends that the court committed fundamental error in that portion of his charge in which he told the jury:

"If you believe from the evidence or have a reasonable doubt, thereof that the defendant, Silbie Latham, on the occasion in question was not under the influence of intoxicating liquor you will acquit him."

We have examined the cases cited by the appellant, some of

which were affirmed, as supporting his contention and are at a loss to determine their applicability to the case at bar. In his brief, the appellant does not explain how they might be controlling here. We find no error in the charge.

Finding no reversible error, the judgment of the trial court is affirmed.